THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable F.C. Branson
Banking Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-1618

Re: Bank loan limit -- R.C.S. Article
392 -- F.H.A. Title 1, Class 3
loans.

We beg to acknowledge receipt of your letter of January 18, 1940, asking an opinion from this department, as follows:

"The Federal Housing Act was originally enacted in 1934, and on May 9, 1937, under its several titles and provisions it authorized the insurance of several classes of loans. Each class of loan eligible for insurance was subject to divers tests and restrictions, and each was insured to a stipulated percentage of the amount of the loans.

"On May 9, 1937, the Legislature of Texas amended Article 392 of the Revised Statutes. That article, in its original form, prohibited a state bank from investing more than half of its securities in real estate loans, and prohibited such banks from making real estate loans in excess of 50% of the value of the real estate securing the same. The Amendment of May 9, 1937, provided that the restrictions contained in Article 392, should not apply to mortgage loans insured by the Federal Housing Administrator.

"Subsequent to May 9, 1937, on July 1, 1939, the Federal Housing Act (Sub-section B of Section 1703, Title 12, U.S.C.A.) was amended. This amendment provided for the partial insurance of a new and different class of loan; a loan not to exceed $2,500.00 to be made for the purpose of erecting improvements uponland owned by or (with certain restrictions) held under lease by the borrower. The Act did not limit the amount of the loan to any given percentage of the value of the land and improvements. The insurance on this character of loan was limited to 10% of the amount of the loan. This new class of loan has been designated by the Federal Housing Administrator as Title 1, Class 3 loans, and will be hereinafter referred to as such.

"The Department is advised that certain state banks are now contemplating extensive investments in Title 1, Class 3 loans.  The office Counsel of this Department has ruled that Article 392, as amended, permits unlimited investment of bank funds in loans which were insured by the Federal Housing Authority under the provisions of the Federal Housing Act is it existed on May 9, 1937.  However, our counsel has ruled that the exception to Article 392, as provided in the above mentioned amendment, does not permit a state bank to invest in loans which were not eligible for insurance under the provisions of the Housing Act as it existed on May 9, 1937; that Title 1, Class 3 loans, not being eligible for insurance under the Housing Act as it then existed, are not eligible investments for state banks.  I attach herewith a copy of his opinion.

"IF Article 392 is to be construed to authorize state banks to invest in Title 1 Class 3 loans, such construction must necessarily be based upon the proposition that the amendement authorized investment, not only in loans which were insured under the then existing Federal Housing Act, but also in any loan which might thereafter be partially insured under the provisions of any subsequent amendment to the F.H.A. Act.  The amendment of July 1, 1939, provided for 10% insurance on loans, and made no restriction as to the percentage of the value of the security that might be loaned.  The next amendment may reduce the insurance coverage to 1%.

"I am sure that I do not need to point out the far-reaching, and possibly serious effect which any construction of Article 392, as amended, may have on the banks of this State.

"In the light of the above, I respectfully submit  the following question:

"Under the provisions of Article 392, as amended, may state banks make unlimited investments in Title 1, Class 3 loans, as above defined?"

The limitation placed by the statutes upon a bank's loan of its funds, whether such limitation be as to the customer or the security, is a wholesome one for the bank, and even more especially for the public dealing with the institution.

In the very nature of the matter any limitation upon loans is a summary one, but even so, it represents the sound judgment of the Legislature, clothed with power to regulate such matters.

So that your question calls for a construction of Article 392.  That Article reads:

Honorable F.C. Branson, Page

      "Banking Corporations shall be authorized to conduct the business of receiving money on deposit, allowing interest thereon, and of buying and selling exchange, gold and silver coins of all kinds; of lending money upon real estate and personal property and upon collateral and personal securities at a rate of interest not exceeding that allowed by law; of buying and selling certificates, securities and shares insured by the Federal Savings and Loan Insurance Corporation; and of buying, selling, and discounting negotiable and non-negotiable commercial paper of all kinds. No such bank shall lend more than fifty (50) per cent of its securities upon real estate, nor make a loan on real estate to an amount greater than half the reasonable cash value thereof; provided that the restrictions as to the amount a bank may invest in securities upon real estate and as to the value of such real estate as compared to the security of the loan shall not apply to mortgage loans which are insured by the Federal Housing Administrator. As amended, Acts 1937, 45th Leg., p. 1296, Ch. 482, §1."

      F.H.A., Title 1, Class 3 loans were not known at the time Article 392 was amended in 1937. The Article should be construed in the light of well-known conditions as they existed at the time of its enactment. This is especially true since the article specifically refers to the existing conditions -- that is, loans insured by the Federal Housing Administrator.

      It is the rule, to be sure, that all civil statutes are to be liberally construed with a view of effectuating their purpose. As above indicated, that purpose with respect to F.H.A. loans was to except those loans insured by the Federal Housing Administrator, and this could only mean, insured as they were at that time. To construe the statute as including any class of F.H.A. loans afterward authorized or insured by the Administrator without further qualification or limitation whatsoever would exceed all bounds of liberality of construction and go far into the field of license to legislate upon the subject. Such an extreme rule of construction might, and would, in the light of the present situation, afford a very much less protection to the public and the banking institutions than was contemplated by the statute at the time it was adopted.

      You state that your office counsel has advised you that your question should be answered in the negative. We concur in that advice.

              Very truly yours
              ATTORNEY GENERAL OF TEXAS

              By s/ Ocie Speer
                 Ocie Speer
OS-MR-wc                 Assistant

APPROVED JAN 31, 1940
  GERALD C. MANN